UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:11cr00191 |
| ) | Chief Judge Haynes |
| JOHNNY RAY REEDER, ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.  As the result of the Court's acceptance of Defendant's guilty plea on Count Two of the Superseding Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), Defendant Johnny Ray Reeder shall forfeit to the United States his interest in any property, constituting or derived from, proceeds he obtained directly or indirectly, as a result of the sale to another person of falsely made, forged, counterfeited, and altered obligations of the United States, with the intent that same be passed, published, and used as true and genuine, in violation of Title 18, United States Code, Section 473; and further, any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of Treasury or other property office. The property to be forfeited includes but is not limited to:

   (a)  a Dell desktop computer with serial number 5WVB411;

   (b)  a HP 1300 Laserjet printer with serial number CNBJS51637;

   (c)  a HP Officejet 4500 All-In-One printer;

(d) an HP All-In-One printer with serial number CN0BQ393QP;

(e) a Dell laptop computer with serial number 1HKBZG1;

(f) genuine Federal Reserve Notes paid to JOHNNY RAY REEDER in exchange for counterfeit currency as alleged in Count Two of the Superseding Information;

(g) genuine Federal Reserve Notes used to print counterfeit Federal Reserve Notes; and

(h) other items seized by law enforcement pursuant to a search warrant on August 10, 2011, from the residence at 3877 Hutson Avenue, Nashville, Tennessee, and listed in the agent's report provided to defendant as discovery on September 8, 2011;

(hereinafter referred to collectively as 'Subject Property").

2. The Court has determined, based on the Plea Agreement entered herein between the United States and Defendant Johnny Ray Reeder dated August 10, 2012 and the factual basis agreed to therein at paragraph 7 and related paragraphs 13 through 15, that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492 and 28 U.S.C. § 2461(c) and that the Government has established the requisite nexus between such property and such offense.

3. Upon the entry of this Order, the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) and/or the Department of Homeland Security (or its designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Upon entry of this Order, the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) and/or the Department of Homeland Security (or its designee) is authorized to commence any applicable proceeding to comply with statutes

governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) and/or the Department of Homeland Security (or its designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. Either upon entry of a Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that electronic media, including but not limited to, computers, phones, tablets, etc., are no longer necessary for trial in this matter the Subject Property shall be wiped clean of all information.

12. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this ___ day of _____, 2012.

CHIEF JUDGE HAYNES
United States District Court